FEROLDI v. GEORGE VASSAR'S SONS & CO.

(Supreme Court, Appellate Term.   June 29, 1911.)

MASTER AND SERVANT (§ 287*)—INJURY TO SERVANT—EVIDENCE—INSTRUC-
TIONS.

Where, in an action by a servant for personal injuries, the issue was
whether a third person was a superintendent or a fellow servant, the ac-
tion of the court in withdrawing, in its charge to the jury, the question
whether the third person was a fellow servant, and in refusing to charge
that, if the third person was a fellow servant, there could be no recov-
ery, was reversible error.

·   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
1051–1067 ;  Dec. Dig. § 287.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Luigi Feroldi against George Vassar's Sons & Co.   From
a judgment for plaintiff, and from an order denying a new trial, de-
fendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Amos H. Stephens (Cleland R. Neal, of counsel), for appellant.
Charles S. Rosenthal (Jacob I. Berman, of counsel), for respondent.

SEABURY, J.   This is an action to recover damages for personal
injuries which the plaintiff claims he sustained while in the defend-
ant's employ.   It is unnecessary to review the facts, as we think that
the defendant's exception to the charge of the court presents the only
question requiring comment.

The chief point in issue was whether one Walsh was a superintend-
ent, or whether he was a fellow servant of the plaintiff.   It was within
the province of the jury to determine this issue.   The charge of the
court, by withdrawing from the consideration of the jury the question
as to whether Walsh was a fellow servant, and his refusal to charge
that, if the jury found that Walsh was a fellow servant, the plaintiff
could not recover, decided the chief point in issue in favor of the
plaintiff as a matter of law.   This erroneous ruling was necessarily
prejudicial to the defendant, and requires that the action should be re·
tried.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.   All concur.